NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WENDELL JOHNSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Civil Action No. 21-12013 (MAS) (LHG)

OPINION

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff's Wendell Johnson's civil complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-2) in this prisoner civil rights matter. Having examined Plaintiff's application, this Court finds that Petitioner is entitled to proceed *in forma pauperis* in this matter. As this Court will therefore grant Plaintiff's *in forma pauperis* application, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

I.    **BACKGROUND**

Plaintiff is a state criminal detainee currently incarcerated at the Mercer County Correctional Center. (ECF No. 1 at 2-3.) In his current complaint,[1] he seeks to raise claims against

---

[1] In his complaint, Plaintiff states that he is seeking to raise claim in this matter against additional defendants based on the "same facts" he alleged in a prior civil complaint filed in this Court under Docket Number 20-11472. This other complaint Plaintiff references details his claims against jail

various state court judges, prosecutors, private defense attorneys, and the United States arising out of his having contracted COVID-19 while detained. (*Id.* at 3-12.) Essentially, Plaintiff alleges that various prosecutorial figures took action – either by formulating an allegedly fraudulent plea deal or by proceeding with a criminal trial during the COVID-19 pandemic – to have him tried, convicted, and detained, and that the various judges and his private criminal attorneys either permitted this to occur or took no action to prevent him from ultimately being incarcerated. (*Id.*) This, Plaintiff contends, resulted in his later contracting the virus, which Plaintiff believes alone is sufficient to entitle him to relief. (*Id.*) Plaintiff also seeks to raise claims against the United States, who he mistakenly believes "employs" the state figures he seeks to sue, and two members of the National Association of Criminal Defense Lawyers for "sign[ing] off on the bail reform manual" which he apparently believes played some part in his being incarcerated rather than released. Plaintiff does not allege that either of these two lawyers are state actors, nor that they played any direct part in his criminal proceedings.

## II.  LEGAL STANDARD

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff shall be granted *in forma pauperis* status in this matter. Pursuant to that statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

---

staff and various state officials arising out of his having contracted COVID-19 and does not reference any of the currently named Defendants. Because Plaintiff's claims against the Defendants named in this matter are largely distinct from those referenced in his prior complaint – which were concerned with jail conditions rather than the propriety of the state conducting criminal matters during the pandemic – and Plaintiff chose to file this matter in a separate complaint more than a year after his previous complaint was filed, this Court will treat Plaintiff's current complaint as a separate mater from Docket Number 20-11472. As all of Plaintiff's claims in this matter are deficient for the reasons expressed herein, however, Plaintiff's current complaint would need to be dismissed even had it been instead treated as a supplemental complaint in Plaintiff's prior civil rights matter.

2

relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover,

3

while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III. DISCUSSION

In his current complaint, Plaintiff seeks to raise claims against a number of Defendants, all of whom are either not subject to suit in a civil rights matter or are immune from suit. Public Defenders and private attorneys, such as Defendants Tvett, DePietropaolo Price, Scurato, and Hartman are not state actors when acting in their capacity as defense attorneys, and are therefore not subject to suit under § 1983 based on their actions relating to criminal representations. *Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981). As Defendants Scurato and Hartman were clearly acting in such a capacity in the acts Plaintiff now seeks to challenge, they are clearly not "state actors" subject to suit in this matter. Likewise, Defendants Tvett and DePietropaolo Price are named solely for their having "signed off" on a bail reform manual and are neither alleged to be state actors nor to have had any actual involvement in Plaintiff's case, and are thus likewise not state actors subject to this civil rights suit. Plaintiffs claims against these Defendants are all therefore dismissed without prejudice.

State prosecutors are in turn entitled to absolute immunity for actions taken in preparing for judicial proceedings or trials in which they act as advocates of the state. *Carter*, 717 F. App'x at 108; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Here, Plaintiff alleges the prosecutor Defendants – Defendants Nini, Grillo, Galuchie, and Gioquinto – are all named as Defendants based on actions or omissions they made in their prosecutorial capacity in relation to several of Plaintiff's criminal prosecutions. Because Plaintiff clearly seeks to raise claims based on these Defendants' prosecutorial actions, they are clearly immune from suit and this matter, and Plaintiff's claims against them must be dismissed with prejudice.

4

Plaintiff also seeks to raise claims against a number of state judges based on their actions in scheduling and holding criminal hearings. As all of these actions fall within the ambit of judicial actions taken within the jurisdiction of the state courts, these judges are also entitled to immunity in this matter. *See, e.g., Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2000) ("judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"). Finally, even were Plaintiff correct that the United States employed some of the Defendants in this matter, the United States is entitled to absolute sovereign immunity. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77, 484-85 (1994) (the United States is immune from suit for constitutional torts, and *Bivens* provides no cause of action against the United States or its agencies); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action); *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991) (sovereign immunity bars suits seeking damages or coercive injunctive relief); *Scott v. Manenti*, No. 15-7213, 2016 WL 80640, at *1 n. 2 (D.N.J. Jan. 7, 2016). The judge Defendants and the United States thus must also be dismissed from this matter with prejudice. As all Defendants are either immune or not subject to suit in a civil rights matter, Plaintiff's complaint (ECF No. 1) shall be dismissed in its entirety.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED** in its entirety. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE